AMOS HAYS et al. v. H. C. DAVIS et al.

*Will, Construction of—Partition.*

Where a testator devised certain real estate to his wife for life or widow-
hood, and, after her death, to his three daughters, naming them,
"as long as they wish to keep house together," providing for sale
and division among "his children and their heirs," if they (his
daughters) "should marry or wish to quit keeping house," and
one of the daughters, the others being dead, was still keeping
house on the land: *Held*, the land was not subject, during her
life, to partition among the heirs.

This was a CIVIL ACTION, tried before *Armfield, J.,* at the
September Term, 1889, of WILSON Superior Court.

There was a petition to sell lands, and the cause was referred
to find the facts, which are, that Elisha Davis died in 1865,
leaving a last will and testament, by which the land in con-
troversy was devised to his widow for life or widowhood,
and she remained in possession to her death in 1887. The
devisees, who took after the death of their mother, were
Polly, Sarah and Elizabeth, the last of whom died before
the widow (her mother). The other two continued to live
together until the death of Polly in 1888, who devised to
plaintiffs. Sarah is still unmarried, and lives and "keeps
house" on the land, and has done so since the death of her
sisters.

The material parts of the will are:

"*Item.*—I give and devise to my beloved wife all my tract
of land whereon I now live, during her natural life-time or
widowhood. * * * And if they should remain single until
the death of their mother, and wish to continue to keep house
together, it is my desire that the land and all the farming tools
may remain with them as long as they may wish to keep
house together; and if they should marry, or when they wish
to quit keeping house, it is my request that the land, and all

HAYS *v.* DAVIS.

the property that I have not given away in legacies, may be sold and equally divided between all my children and their heirs forever."

*Messrs. W. C. Munroe* and *S. A. Woodard* (by brief), for plaintiff.

*Messrs. W. R. Allen, C. B. Aycock* and *F. A. Woodard* (by brief), for defendant.

CLARK, J.: The evident intent of the testator was to provide a home for his wife during her life or widowhood, and then a home for his single daughters, as long as they should remain unmarried and wish to keep house at the old homestead.   The will provides that, after the death of the mother, "if they (the daughters) should marry, or when they wish to quit keeping house," the land shall be sold, &c.   It is found as a fact that Sarah Davis, one of the daughters, the other two being dead, is unmarried, has continued to live on the land and keep house there up to this time and does not wish to "quit keeping house."   The contingency, upon the happening of which the testator directed the land to be sold, has not occurred.   The petition, therefore, was premature, and must be dismissed.   The Court will not pass upon the abstract rights of the parties to share in the division. When the contingency happens upon which the sale for partition is to be ordered, the parties entitled may be different from what they are now, and will have a right to be heard for themselves, or they may prefer to settle the matter otherwise than by litigation.

The judgment dismissing petition at petitioners' cost is

Affirmed.